Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERMAN BARMORE, Appellant, against WILLIAM HUNT, as Warden of Attica State Prison, Respondent.—

Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Will of EMMY E. DAHLGREN, Deceased. LESLIE A. PRICE, as Administrator of the Estate of EMMY E. DAHLGREN, Deceased, Appellant; N. C. C. B. CORPORATION, Respondent.—

Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

NORTHERN NEW YORK POWER CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 726-A.)

Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

FRANK MCGOVERN, Respondent, v. CLARENCE J. WEIS, Appellant.—

Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of HARRY M. CHAPIN, Respondent, against BOARD OF EDUCATION OF THE CITY OF BUFFALO, Appellant.—

Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

JOSEPH SCANIO, Respondent, v. ERNEST A. BARTH, Appellant, et al., Defendants.—

Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

JOE UNETIC, Respondent, v. WILLIAM NIXON, Appellant. MARY UNETIC, Respondent, v. WILLIAM NIXON, Appellant. ANNA MARKUSIO, Respondent, v. WILLIAM NIXON, Appellant.—

Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

JOSEPHINE K. MAYER, as Administratrix of the Estate of WILLIAM MAYER, Deceased, Respondent, v. SIEBERT MOTORS, INC., Appellant.—

Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

## (March 19, 1943.)

THEODORE F. BOWES, as Trustee under the Will of CORA H. DYER, Deceased, et al., Respondents, v. FIRST TRUST & DEPOSIT COMPANY, Appellant.—

Memorandum: The decision of the referee amounts to a holding

that, when a bank acquires knowledge that a trustee is misappropriating trust funds, which are on deposit in the bank, from that time forward the bank is charged with the burden of proving that all withdrawals of funds by the trustee were for legitimate purposes of the trust. No such burden rests on the bank. "Although the depositor is drawing checks which the bank may surmise or suspect are for his personal benefit, it is bound to presume, in the absence of adequate notice to the contrary, that they are properly and lawfully drawn." (*Bischoff* v. *Yorkville Bank,* 218 N. Y. 106.) The trustee in this case was educating two infant children with the trust funds. He might properly draw lump sums to be expended in piecemeal for the needs of the infants, as permitted by the trust, and the bank does not have the burden of proof, which has been cast upon it, of showing that every withdrawal was proper. Furthermore, assuming for the sake of argument, that the bank was charged with that burden, it was error not to permit the bank to bear its burden by showing memoranda of items of expenditure made by the trustee on check stubs and vouchers. (Civ. Prac. Act, § 374-a.) This is especially true, since the trustee was dead, and other proof was practically impossible. In view of the fact that there is, in this record, some evidence from which a finder of the facts could find that the defendant did have knowledge of the improper use, by the trustee of one or two withdrawals, a new trial should be had. All concur. (The judgment is for plaintiffs in an action to recover certain trust funds claimed to have been negligently handled. The order denies defendant's motion to reopen the case and amend its answer.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.